UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEND DILLON                                                                                    PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 3:12CV561-RHW

CHRISTOPHER EPPS                                                                      DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint. The Court conducted a screening hearing on March 28, 2013, pursuant to 28 U.S.C. §1915A. The parties consented to the jurisdiction of the undersigned.

Liberally construing the complaint, Plaintiff alleges inadequate medical care after he sustained an injury to his leg on October 12, 2010, while in custody, which was further injured or broken in a car accident as he was transported by a probation officer. He alleges that a delay in medical treatment constituted deliberate indifference. However, he admits that prison officials took him to Forrest General Hospital in Hattiesburg, Mississippi, where he received surgical and rehabilitative care on the same day as his accident and injury.

## Law and Analysis

Pursuant to § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." Furthermore, pursuant to §1915A(b)(1), the Court, after conducting a screening hearing, shall dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." The undersigned has reviewed Plaintiff's complaint and amended complaint, as well as Plaintiff's statements from the

screening hearing, and the undersigned finds that he has failed to state a claim upon which relief may be granted. Hence, the undersigned finds that his complaint should be dismissed pursuant 28 U.S.C. § 1915(e)(1)(B)(ii).

As a threshold matter, Plaintiff has failed to exhaust his administrative remedies. Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.* Dismissal under § 1997e is made on pleadings without proof. *Id.* Plaintiff must allege exhaustion with sufficient specificity. *Id.* Here, Plaintiff indicated in his original complaint that he did not exhaust administrative remedies and he has not asserted any available defenses for his failure to do so. *See* doc. [1] at 3.

Plaintiff also has failed to state a constitutional cause of action based on the driver's alleged negligence. Section 1983 is available for injuries under the Constitution and/or laws of

the United States. Plaintiff's allegations against the probation officer for driving negligently do not give rise to a constitutional claim. Rather, Plaintiff has stated nothing more than a garden-variety tort claim pursuant to state law. *See Paul v. Davis*, 424 U.S. 693, 699-701 (1976) (rejecting the notion that § 1983 made actionable many state-law tort claims). "Section 1983 does not federalize tort law." *De Jesus Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir. 1989). For a complaint to state a constitutional claim under § 1983, the Plaintiff must at least make allegations sufficient to permit him to prove the abuse of a special authority or obligation of government. *Rankin v. Wichita Falls, Texas*, 762 F.2d 444, 448 (5th Cir. 1985). Plaintiff's allegations fail to rise to the necessary level of fault to sustain an action under § 1983. Accordingly, Plaintiff has failed to state a constitutional claim for the probation officer's negligent driving.

Plaintiff's complaint also fails to state a cause of action for denial of medical care. To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that the defendant was deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this case, Plaintiff was taken to South Mississippi Correctional Institution (SMCI) after the accidents injuring his leg and later that same day transported to Forrest General Hospital to receive treatment. Plaintiff also received continued care as necessary. Accordingly, Plaintiff has failed to allege a denial of medical care that would amount to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Christopher Epps is the only named Defendant. Epps appears to be sued only in his supervisory capacity. Epps may not be held liable for the unconstitutional conduct of his subordinates under a theory of *respondeat superior*. *See Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Nor has Plaintiff alleged supervisory liability in that Epps somehow sanctioned or could have prevented the incident in question. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-50 (2009) (explaining the limits of supervisory liability). Plaintiff's claim against Epps in his supervisory capacity fails to state a cause of action under § 1983. *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Nor has Plaintiff stated a claim against Epps in his individual capacity. Any claims against Epps in his individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates." *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff has made no allegations regarding Epps' involvement in the driver's alleged negligence or the delay in transportation to the hospital other than that Epps is "supreme supervision"[sic] and a "policy-maker". *See* doc. [9] at 3. Moreover, the Plaintiff has alleged no facts that indicate Epps had any personal involvement in decisions relating to Plaintiff's medical care.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's §1983 civil rights complaint is dismissed with prejudice as to all claims and all defendants for failure to state a claim.

SO ORDERED, this the 12th day of June, 2013.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE